1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EARL HOBBS,                              )      NO. CV 11-5018-SJO (AGR)
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )
                                         )      ORDER TO SHOW CAUSE
STATE OF CALIFORNIA, et al.,             )
                                         )
            Defendants.                  )
                                         )
_____   )

      On June 14, 2011, Plaintiff, who is an attorney acting *in pro per*, filed a

complaint.  For the reasons discussed below, it appears Plaintiff has failed to

serve the State of California.

      The court, therefore, orders Plaintiff to show cause, on or before

**December 2, 2011**, why this court should not recommend dismissal of California

without prejudice for failure to serve.

**I.**

**SUMMARY OF PROCEEDINGS**

      On June 14, 2011, the court issued a summons.  On July 5, 2011, the only

other named defendant, Belmont Shores Investors, LLC, filed a motion to

1  dismiss.  On July 14, 2011, Plaintiff filed an opposition.  On September 6, 2011,

2  Defendant filed a reply.

3      Plaintiff's complaint has three causes of action.  (Complaint at 6-8.)  The

4  first is against California, and the other two are against Belmont.  (*Id.*)

5                                          **II.**

6                                    **DISCUSSION**

7      Fed. R. Civ. P. 4(m) provides:  "If a defendant is not served within 120 days

8  after the complaint is filed, the court – on motion or on its own after notice to the

9  plaintiff – must dismiss the action without prejudice against that defendant or

10  order that service be made within a specified time.  But if the plaintiff shows good

11  cause for the failure, the court must extend the time for service for an appropriate

12  period."

13      The complaint was filed on June 14, 2011.  The 120-day period for service

14  expired on October 12, 2011.  Plaintiff has not filed a proof of service indicating

15  that California has been served.

16      At a minimum, good cause means excusable neglect.  *Oyama v. Sheehan*

17  *(In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001).  In addition, "a plaintiff may

18  be required to show the following factors in order to bring the excuse to the level

19  of good cause:  '(a) the party to be served received actual notice of the lawsuit;

20  (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely

21  prejudiced if his complaint were dismissed.'"  *Id.* (citation omitted).

22      Absent good cause, a court has discretion to dismiss the action without

23  prejudice or extend the time for service.  *Id.*  There is no "specific test that a court

24  must apply in exercising its discretion."  *Id.* at 513.  However, the court's

25  discretion is "broad."  *Id.*  One factor a court may consider is whether the plaintiff

26  has "substantially complied" with the service requirements of Rule 4(m).  *See*

27  *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995).

28

**III.**

**ORDER**

IT IS THEREFORE ORDERED that, on or before **December 2, 2011**, Plaintiff shall show good cause why this court should not recommend dismissal without prejudice for failure to serve.

**If Plaintiff fails to timely respond to this order to show cause, the State of California and the first cause of actions are subject to dismissal without prejudice.**

DATED: November 1, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge