UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL HOBBS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | NO. CV 11-5018-SJO (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On June 14, 2011, Plaintiff, who is an attorney acting *in pro per*, filed a complaint. For the reasons discussed below, it appears Plaintiff has failed to serve the State of California.

The court, therefore, orders Plaintiff to show cause, on or before ***December 2, 2011***, why this court should not recommend dismissal of California without prejudice for failure to serve.

**I.**

**SUMMARY OF PROCEEDINGS**

On June 14, 2011, the court issued a summons. On July 5, 2011, the only other named defendant, Belmont Shores Investors, LLC, filed a motion to

dismiss. On July 14, 2011, Plaintiff filed an opposition. On September 6, 2011, Defendant filed a reply.

Plaintiff's complaint has three causes of action. (Complaint at 6-8.) The first is against California, and the other two are against Belmont. (*Id.*)

## II.

## **DISCUSSION**

Fed. R. Civ. P. 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The complaint was filed on June 14, 2011. The 120-day period for service expired on October 12, 2011. Plaintiff has not filed a proof of service indicating that California has been served.

At a minimum, good cause means excusable neglect. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001). In addition, "a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id.* (citation omitted).

Absent good cause, a court has discretion to dismiss the action without prejudice or extend the time for service. *Id.* There is no "specific test that a court must apply in exercising its discretion." *Id.* at 513. However, the court's discretion is "broad." *Id.* One factor a court may consider is whether the plaintiff has "substantially complied" with the service requirements of Rule 4(m). *See Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995).

## III.

## ORDER

IT IS THEREFORE ORDERED that, on or before *December 2, 2011*, Plaintiff shall show good cause why this court should not recommend dismissal without prejudice for failure to serve.

**If Plaintiff fails to timely respond to this order to show cause, the State of California and the first cause of actions are subject to dismissal without prejudice.**

DATED: November 1, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge

3